UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAUREEN ELTZHOLTZ,

                       Plaintiff,                    **ANSWER**

              -against-

                                          Case No.: 26-cv-04580

CORNWALL CENTRAL SCHOOL DISTRICT,

                       Defendant.
-------------------------------------------------------------------X

Defendant, the CORNWALL CENTRAL SCHOOL DISTRICT by her attorneys, DRAKE LOEB PLLC, answering the Complaint of the plaintiff, alleges as follows:

1:     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Second Amended Complaint numbered "1", "7" and "8".

2:     Admits that the plaintiff Maureen Eltzholtz is of legal age, and denies knowledge or information as to the remaining allegations contained in the paragraph of the Complaint numbered "2".

3:     Admits each and every allegation contained in the paragraphs of the Complaint numbered "3", "6", "10", "11", "12", "13", "14", "23", "41" and "42".

4:     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint numbered "4", "5" and "9" in the form alleged, and refers all questions of law to the Court.

5:     Denies each and every allegation contained in the paragraphs of the Complaint numbered "15", "18", "21", "22", "26", "27", "28, "38", "45", "46", "47",

"48", "49" and "50".

6:    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint numbered "16", "17", "19", "20", "30", "31", "32", "33", "34", "35", "36", "37", "39", "40", "43" and "44" in the form alleged, and refers all questions of fact and characterizations of the facts to the trier of the facts.

7:    Admits that the next day, Semo emailed asking Plaintiff and Wiley to complete a "program review" about the soccer program, and denies the remaining allegations contained in the paragraph of the Complaint numbered "24".

8:    Admits that the Plaintiff and Wiley met with Semo on March 25, 2025, and denies the remaining allegations contained in the paragraph of the Complaint numbered "25" in the form alleged.

9:    Denies that Semo made hostile remarks or displayed a hostile demeanor as alleged, and denies any knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in the paragraph of the Complaint numbered "29".

## CLAIMS FOR RELIEF

### COUNT I
### AGE DISCRIMINATION
### ADEA, 29 U.S.C § 621, *et seq.*

10:    Repeats and realleges each and every response to the allegations contained in the paragraphs of the Complaint numbered "1" through "50", inclusive, as realleged in paragraph "51", with the same force and effect as though more fully set forth at length herein.

ALR/ev    08977-74422    1448387

11:    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Complaint numbered "52" in the form alleged, and refers all questions of law to the Court.

12:    Admits that the defendant was the plaintiff's employer as alleged in the paragraph of the Complaint numbered "53," and refers all questions of law to the Court.

13:    Denies each and every allegation contained in the paragraphs of the Complaint numbered "54" and "55".

## COUNT II
## AGE DISCRIMINATION
### NYSHRL, N.Y. Exec. L. § 290, *et seq.*

14:    Repeats and realleges each and every response to the allegations contained in the paragraphs of the Complaint numbered "1" through "55", inclusive, as realleged in paragraph "56", with the same force and effect as though more fully set forth at length herein.

15:    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Complaint numbered "57" in the form alleged, and refers all questions of law to the Court.

16:    Admits that the defendant was the plaintiff's employer as alleged in the paragraph of the Complaint numbered "58," and refers all questions of law to the Court.

17:    Denies each and every allegation contained in the paragraphs of the Second Amended Complaint numbered "59" and "60".

## COUNT III
## RETALIATION
### Title VII, 42 U.S.C. § 2000e, *et seq.*

18:    Repeats and realleges each and every response to the allegations contained

in the paragraphs of the Complaint numbered "1" through "60", inclusive, as realleged in paragraph "61", with the same force and effect as though more fully set forth at length herein.

19:    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Complaint numbered "62" in the form alleged, and refers all questions of law to the Court.

20:    Admits each and every allegation contained in the paragraph of the Complaint numbered "63".

21:    Denies each and every allegation contained in the paragraphs of the Complaint numbered "64" and "65".

## COUNT IV
## RETALIATION
### Title IX, 20 U.S.C. § 1681, et seq.

22:    Repeats and realleges each and every response to the allegations contained in the paragraphs of the Complaint numbered "1" through "65", inclusive, as realleged in paragraph "66", with the same force and effect as though more fully set forth at length herein.

23:    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint numbered "67", "68" and "69" in the form alleged, and refers all questions of law to the Court.

24:    Denies each and every allegation contained in the paragraphs of the Complaint numbered "70" and "71".

## COUNT V
## RETALIATION
## NYSHRL, N.Y. Exec. L. § 290, *et seq.*

25:     Repeats and realleges each and every response to the allegations contained in the paragraphs of the Complaint numbered "1" through "71", inclusive, as realleged in paragraph "72", with the same force and effect as though more fully set forth at length herein.

26:     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the Complaint numbered "73" and "74" in the form alleged, and refers all questions of law to the Court.

27:     Denies each and every allegation contained in the paragraphs of the Complaint numbered "75" and "76".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28:     The damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29:     The allegations set forth within the Complaint fail to state a cause of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30:     Plaintiff failed to mitigate her damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31:     Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical or therapeutic care, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in

ALR/ev
08977-74422
1448387

whole or in part from a collateral source as defined in §4545(c) of the New York Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32:    The adverse action(s) complained of were based on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33:    The conduct of this answering defendant was based on reasonable justification.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34:    The actions complained of were not based on discriminatory or retaliatory animus or intent.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

35:    This answering defendant exercised reasonable care to prevent and correct harassing, discriminatory and/or retaliatory behavior, and the Plaintiff failed to take advantage of preventative and corrective opportunities provided by the Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36:    The Defendant did not encourage, approve or condone any alleged acts of discrimination or retaliation.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37:    Should the Court dismiss or refuse to consider Plaintiff's federal claims, the Court should decline to extend its supplemental jurisdiction over Plaintiffs' claims under New York State statutory and/or common law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

38:    The Plaintiff cannot show that the Defendant discriminated against her on

account of any protected trait, including but not limited to Plaintiff's age and/or gender/sex.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39: The Plaintiff cannot show that Defendant retaliated against her for engaging in any form of protected activity under Title VII, Title IX, the ADEA or the New York State Human Rights Law, and/or any other federal, state or local law, rule or regulation.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40: Defendant did not violate, willfully or otherwise, Title VII, Title IX, the ADEA, the New York State Human Rights Law, or any other federal, state, or local law, rule or regulation.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

41: All employment decisions by Defendant relating to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons. Any actions taken by Defendant with respect to Plaintiff were legally privileged and justified, and all employment decisions related to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

42: To the extent that it is determined that Plaintiff(s) is entitled to any damages attributed to future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, such damages are capped pursuant to 42 U.S.C. § 1981a(b)(3).

ALR/ev                                    08977-74422                                    1448387

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

43:     To the extent that Plaintiff relied upon any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

44:     To the extent that Plaintiff is seeking damages or relief which are duplicative, such relief must be barred, reduced and/or limited in whole or in part.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

45:     To the extent that discovery reveals that Plaintiff engaged in any form of wrongdoing while under the supervision of Defendant, and to the extent that it is determined that Plaintiff is entitled to any relief during this action, such relief must be barred, reduced and/or limited by the After-Acquired Evidence doctrine.

WHEREFORE, the defendant, the CORNWALL CENTRAL SCHOOL DISTRICT demands judgment:

1.     dismissing the Complaint;

2.     apportioning liability between plaintiff, this answering defendant and any other tortfeasors responsible for the incident and damages claimed herein; and

3.     for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated:  New Windsor, New York
        July 31, 2026

Yours, etc.,

DRAKE LOEB PLLC

By: _____

ADAM L. RODD, ESQ.
*Attorneys for Defendant*
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550
Email: arodd@drakeloeb.com

TO:    GOLDMAN LAW, PLLC
       *Attorneys for Plaintiff*
       372 South Plank Road, Suite 2
       Newburgh, New York 12550
       Tel. No.: (845) 534-6472
       Email: jgoldman@jrgoldmanlaw.com